■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD LYNCH, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Brennan, J.), dated December 27, 1984, which granted the defendant's motion to dismiss the indictment for lack of a speedy trial.

Order reversed, on the law, motion denied, and indictment reinstated.

The defendant was arrested on June 9, 1984, based on charges that he had threatened and attempted to kill four individuals. According to the complainants, on June 9, 1984, at approximately 3:00 A.M., the defendant entered the apartment where Benoit and Michael Dulyx and Carol Fritz were sleeping and fired a handgun at them. At approximately 6:00 A.M. that same morning, the defendant aimed, but did not fire, a handgun at Benoit Dulyx and Gerald Rene. A felony complaint charging the defendant with four counts of attempted murder in the second degree and one count of criminal possession of a weapon in the third degree was filed on or about June 9, 1984.

An indictment was subsequently filed against the defendant charging him with reckless endangerment in the first degree (three counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

On July 10, 1984, Criminal Term ordered a psychiatric examination pursuant to CPL article 730 to determine whether the defendant was competent to stand trial. The proceedings were adjourned to August 6, 1984. On August 6, 1984, the court was informed that the defendant had not appeared for the scheduled CPL article 730 hearing. As a result, the proceedings were again adjourned to October 4, 1984. In the interim, the defendant filed numerous motions with the court including a *Clayton* motion and a discovery motion. On October 4, 1984, the court, after reviewing the psychiatric evidence, found the defendant competent to stand trial. At that time, the court also granted the defendant's application to proceed pro se.

On or about September 25, 1984 the defendant, appearing *pro se,* moved to dismiss the indictment in the interest of justice. The People opposed the motion and it was denied on October 25, 1984.

Thereafter, on or about November 29, 1984, the defendant, represented by counsel, moved to dismiss the indictment on the basis that he had been denied a speedy trial, In addition, the defendant noted that "the complainant" was in Haiti and would be unavailable to testify at trial.

Criminal Term granted the defendant's motion. We disagree with Criminal Term's analysis and accordingly reverse.

CPL 30.30 (1) (a) requires the prosecution to be ready for trial within six months from the commencement of a criminal action wherein a defendant is charged with a felony offense. In calculating the six-month period, certain periods are excluded, including the period of delay resulting from proceedings for the determination of competency and pretrial motions made by the defense (*see,* CPL 30.30 [4] [a]).

In the first instance, we note that the defendant's motion dated November 29, 1984, seeking to dismiss the indictment under CPL 30.30 (1) (a), was premature since the statutory six-month period was not due to end until December 9, 1984. In any event, based on the record before this court, it appears that at least 107 days of the period between June 9, 1984 and the date of the instant motion to dismiss constituted excludable periods under CPL 30.30 (4) (a). Accordingly, dismissal of the indictment for lack of a speedy trial constituted error (CPL 30.30 [1] [a]).

In addition, the defendant's unsupported contention that "the complainant is in Haiti and is unavailable to testify" did not constitute a viable ground upon which to dismiss the

indictment. As indicated previously, there are four complainants involved in this case. The defendant did not identify which of the complainants was out of the State nor did he provide evidentiary support for this allegation. In addition, even assuming the defendant's contention was true, there is no indication that the absence of one of the complainants would preclude the prosecution from proving the defendant's guilt beyond a reasonable doubt. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.